IN THE District Court of the
United States For The MIDDLE District
Northern Division, Alabama

IN RE: Braggs, Edward et. al. & Dunn vs Dunn
Plaintiffs                Plaintiffs

Vs.                                    2:14-CV-601-MHT

Dunn, Jefferson et al.
Defendants.

STAMP-Docket & Return

RECEIVED 2019 JAN 16 A 9:02
DEBRAP. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT

## Request For Arbitration

Comes Now Patrick Joseph Chorest ("Complainant") and moves this Honorable Court to permit this filing and does request for intervention, as follows:

I. Facts:

§1) Complainant avers under Title 28 USC §1746 et. seq. to the foregoing attestations, for judicial intervention do to damages, injuries sustained despite continuous requests for accomodations, denials by ADOC named-Defendants, Coordinators and Statewide Coordinator Mrs Rich - arb. Leasely - capriciously did nothing to remedy the necessary accomodations for existance inside ADOC, henceforth, under Title 28 USC § 12101 et seq, inter alia.

Page 1 of 5

Arbitration Request
Continued:

§2). Complainant adopts all attached "Exhibits" as his proof of requesting, and denials, despite ADA strictures.

§3). Complainant administratively "Exhausted," each, every step, stage of grievances, to no-avail, and to day, date still suffers from injuries sustained — cause for accommodations; however, ADOC has not to day, date attempted to accommodate Complainant, and in fact — simply cannot comply with ADOC Commissioner Jefferson Dunn's "consent-decree," to offer, and comply with Title II of ADA. See §12132 et seq.

§4). Complainant has in fact-been "Retaliated-Against," by high ranking ADOC agents, from both Fountain & Hamilton A & I, resulting from merely requesting for accommodations, see attached requests, denials, as Complainant's "Evidence," for arbitrations. See for Example, Disability-Appeal, dated February 14, 2018 pp 1-6, under Olmstead v. L.C., 527 U.S. 581 (1999)—which has in fact-been violated by ADOC named persons, parties — so named in attached exhibits.

§5). Complainant avers that under the Rehabilitation Act of 1973 secured - accommodations - requested were also denied by ADOC agents, employee's, as named in attached "Exhibits," as strict proof for arbitrations. See Complainants' Exhibit, dated September 25, 2018 Letter from "ADAP" law firm - denials too ???

Page 2 of 5

Arbitration Appeal
Continued:

§6). Complainants' Exhibits-attached, are in fact - evidence of an otherwise "broken-breached" contract by ADOC towards accommodations-promised would be provided "Inmates," such as the one's Complainant needs to survive "Incarceration," at this juncture!

§7). Complainants' Ancillary pleadings before this Court in both, Dunn v. Dunn; Braggs v. Dunn; when Complainant filed an Ex parte Motion To Amend-Intervenor motion on or about January 29th, 2018 pp 1-11, as evidenced before this Court. This exhibit, and all others herein are fully adopted, and incorporated as same heretofor, under Ala. R. of Evidence, Fed R. of Evidence, Rule 201 et seq., for arbitration purposes.

§8). The "Answer[s]" received from ADOC - from ADA requests, since its inception - through Comm Dunn's "consents" have run afoul, contrary to clearly established federal law, holdings - mentioned in attached "Exhibits," primarily Brown v. Plata, 563 U.S. 493 (2011) - Remains a principle underpinning predicate for all of ADOC's violations of said established holding - yet unredied in Alabama; as well as Olmstead, violations at Hamilton A & I; and ADA 42 USC §12011 structures as well as its counterpart §504 of the Rehabilitation Act of 1973 [29 USC §701] arising from usurpations by ADOC, See attached Exhibit, dated June 22, 2018.

Page 3 of 5

<u>Notification Request</u>
Continued:

§9). Complainants averments hereinafter, before this Court, calls for ADOC's federal funding to be stayed, or even suspended under VI of Civil Rights Act of 1964 are requested be constituted by this Honorable Court, due to "<u>discriminations</u>" done Complainant by ADOC.

§10). Complainant wishes-desires for this Court to Likewise adopt-incorporate facts, events surrounding Complaints filed sent to U.S. Atty Office, in the Southern District of Alabama, per se to the Civil Rights Coordinator-Division, Attention Hon Sontyna Williams-Maynard to all the civil right deprivations-suffered, despite <u>Dunn v. Dunn</u>, <u>Braggs v. Dunn</u> Consent-decree's, causing ADA-Rehab Act be Null-void-useless. See March 15th, 2017 civil complaint filed to federal prosecutor's office, Mobile, Alabama.

§11). Complainant avers, he has granted-given information to Southern Poverty Law Center, Counsel's paralegal Mr. Daniel Teehan, and / or Miranda Bolet, over the past few years—which needs to be "<u>Considered</u>," given them for confidential answers, for security-safety of Complainant—against ADOC agents-named.

They (Teehan-Bolet) plus Counsel for S.P.L.C. have 1st hand knowledge, information of threats of retaliations and other violations of ADA-Rehab Act

Page 4 of 5

Continued:

§12). Complainant avers his "Requests for accommodations," and denials meet requirement structures for plenary review and arbitration of said violations. Counsel for said ADA class "ADAP," or "S.P.L.C," should be permitted to be appointed, intervene to remedy, the relief Complainant sought-seeks from ADOC.

§13). Complainant prays that this Honorable Court accept this in Pro Per request for Arbitration, notify Complainant of receipt of said, and grant any-all opportunities to Complainant forthwith, under terms, policy of class-action suits, when arbitration- is being "requested" thence-forth.

## Certificate of Service

I hereby certify that I have served, sent a true, same copy of this Request for Arbitration, upon adverse parties, correctly addressed to Hon. S. Marshall, at 501 Washington Avenue, Montgomery, Alabama 36130, and ADOC Counsel, at 301 South Ripley Street, Montgomery, Ala 36130, same copy, properly sent First Class mail, delivered to ADOC prison legal system.

Done so this January 11th, 2019     Respectfully Submitted,

                                    Patrick J. Chavis

CC: file / State of Ala- defendants.     #182262 / page 5 of 5

Attention:
Hon. Myron Thompson
Court

FAST TRACK

Charest, Datauk #182262 H72A
G.K. Fountain Corr. Fac.
Fountain 3800   36503
Atmore - Alabama

LEGAL

IN RE:
2:14-CV-601-MHT

District Court of the U.S.
Middle District - Northern Division
Clerk of Courts U.S.D.C.
1 Church Street
Montgomery, Alabama. 36104

ADA Request For Arbitration

"ADA"

This Correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

Request For Arbitration Class-Action Suit