## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: PATRICK JOSEPH CHAREST | ) | |
| REQUEST FOR ARBITRATION | ) | Miscellaneous Action |
| No.: IN THE *BRAGGS* LITIGATION | ) | 2:19-mc-03852-JEO |

## <u>ORDER</u>

The settlement of the Americans with Disabilities Act ("ADA") claims in the case of *Joshua Dunn v. Jefferson Dunn*, 2:14-cv-06010MHT-TFM (hereinafter "*Braggs*"),[1] includes an arbitration dispute resolution process whereby a plaintiff may initiate a review of a determination of the Alabama Department of Corrections' Statewide ADA Coordinator. (*See Dunn*, Doc. 518 at 70 (¶ VII. 1.), Doc. 728, and Doc. 2053). The undersigned is the agreed-to arbitrator for such matters. The parties reduced the ADA arbitration process to a writing, which was adopted by the Court. (*See id.*). It guides the proceedings in this matter.

The arbitration process requires that when an inmate seeks to challenge a decision by the Statewide ADA Coordinator concerning his or her request for an accommodation, that the inmate file a "Request for Arbitration" with the Court

---

[1] Edward Braggs has replaced Joshua Dunn as the lead Plaintiff. Accordingly, for consistency, and to avoid confusion, the case will be referenced herein as *Braggs*.

in the *Braggs* litigation. (*Id*. at 2). Upon receipt, this Court is to issue any necessary orders, to conduct any required proceedings, and to issue a ruling. (*Id*.). When a case, such as this one, involves fewer than twelve plaintiffs, the ruling of the arbitrator "shall be the final resolution under this Amended Agreement" between the parties, whereas if a case impacts[2] twelve or more persons and the parties are unable to resolve the case through negotiation or arbitration, "either party may bring the issue before the Court." (*Id*., Doc. 518 at 71, ¶ VII. 2; Doc. 2053 at 3, ¶ 3).

In this matter, Plaintiff Patrick Joseph Charest ("Charest") filed his *pro se* request for arbitration on January 16, 2019, alleging the following claims:

1.  A lack of permanent benches at the ADOC Fountain Correctional Facility to accommodate Plaintiff's leg issue (February 22, 2017[3] (Doc. 1-1 at 12));[4]

2.  Denial of access to the ADA process (March 8, 2017 (Doc. 1-1 at 39- 41));

---

[2] The Court's order adopting the procedures agreed to by the parties uses the word "involves" in the place of the term "impacts," which was used by the parties. (*Id*., Doc. 518 at 71, ¶ VII. 2; Doc. 2053 at 3, ¶ 3).

[3] For convenience, the Court is using the date the accommodation request was received by the Facility ADA Coordinator as a reference point.

[4] The court is using the document and page numbers assigned by the Clerk of the Court, which are located at the top of each document.

3.    Failure to provide physical therapy and rehabilitation services for his right foot following surgery (March 14, 2017 & January 22, 2018 (Doc. 1-1 at 2, 21 & 42));

4.    Request for dental care, including dentures (October 25, 2017 & March 5, 2018 (Doc. 1-1 at 18, 37));

5.    Failure to provide extra mattress and a back brace for Charest to address his back issues (December 21, 2017 (Doc. 1-1 at 19));

6.    Retaliation for filing ADA requests for accommodation, including a retaliatory transfer to the ADOC Hamilton A&I facility (February 2, 2018 (Doc. 1-1 at 3-4 & 22-30));

7.    Need for care and extra toilet paper for his irritable bowel syndrome (February 28, 2018 (Doc. 1-1 at 31));

8.    A need for substance abuse classes (March 1, 2018 (Doc. 1-1 at 34));

9.    Access issues in "B" Dorm at Hamilton A&I (March 5, 2018 (Doc. 1- 1 at 35));

10.    Charest's need for a medical cushion and therapy (April 16, 2018 (Doc. 1-1 at 51-52)); and

11.    Issues concerning the drinking fountain at Hamilton A&I (June

8, 2018 (Doc. 1-1 at 53-54)).[5]

Based on the Court's initial review of Charest's submitted documentation, it appears that only the following two claims have been fully exhausted as required by the ADA process outlined in *Braggs:*

1.    Retaliation for filing ADA requests for accommodation, including a retaliatory transfer to the ADOC Hamilton A&I facility (February 2, 2018 (Doc. 1-1 at 3-4 & 22-30)); and

2.    Charest's need for a medical cushion and therapy (April 16, 2018 (Doc. 1-1 at 51-52)).

If Charest believes that additional claims have been fully exhausted by appeal to the Statewide ADA Coordinator, Charest must submit documentation outlining the decision of the Statewide ADA Coordinator or a statement explaining why the documentation is not available for that particular claim.

In a failure-to-accommodate claim, the plaintiff has the initial burden of proof to show the existence of a facially reasonable accommodation. *Wright v. N.Y. State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016). The burden then shifts to the

---

[5] Charest also complains about officers interfering with his legal mail and criminal case. These matters do not appear to involve claims intended for this arbitration process. Should any party disagree, the court immediately shall be informed in writing. (*See e.g.*, Doc. 1-1 at 3, 43-50 (A March 15, 2017 complaint concerning his criminal case)).

ADA Defendants to show that providing the accommodation would constitute an undue hardship. *See id.*; *see also Henderson v. Thomas*, 891 F. Supp. 2d 1296, 1306 (M.D. Ala. 2012) (Thompson, J.).

In a retaliation claim, the plaintiff must show (1) he engaged in protected conduct, (2) he suffered an adverse action, and (3) the adverse action was causally related to the protected conduct. *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1336 (11th Cir. 1999).

In light of Charest's claims, it is hereby **ORDERED**:

1. Class counsel for the ADA Plaintiffs ("ADA Plaintiffs' Counsel") shall determine if they wish to represent Charest on any of his claims.

2. If ADA Plaintiffs' Counsel wish to represent Charest, they shall consult with him to determine if he wishes to be represented. Charest may accept or decline representation of ADA Plaintiffs' Counsel on his claims. In the event that Charest declines representation, ADA Plaintiffs' Counsel may intervene on the issue on behalf of the class.

3. ADA Plaintiffs' Counsel shall have 14 days from the date of this order to inform the Court whether they intend to represent Charest in this action or intervene on behalf of the class concerning any of

the claims raised.

4.     If ADA Plaintiffs' Counsel decide to represent Charest or intervene on behalf of the class, they will have 14 days from the date of this order to file their brief in support of Charest's request for arbitration on any claim or their brief on behalf of the class.[6]

5.     Counsel for the Alabama Department of Corrections Defendants ("ADOC Defendants' Counsel") will have 21 days from the date of filing of ADA Plaintiffs' Counsel's brief in support of Charest's claims or on behalf of the class, or 21 days from the passing of the date for intervention if ADA Plaintiffs' Counsel does not intervene to file their response.

6.     Charest and ADA Plaintiffs' Counsel (if they represent Charest or intervene on behalf of the class) will have 10 days from receipt of the ADOC Defendants' responsive brief to file any reply.

Thereafter, the matter will be deemed to be under submission. If further

---

[6] If ADA Plaintiffs' Counsel do not initially intervene, they subsequently may do so upon a showing of good cause. If their subsequent motion to intervene is granted, an appropriate briefing schedule will be set forth in a separate order.

ADA Plaintiffs' Counsel may elect to represent Charest on all, some, or none of his claims.

briefing or oral argument is necessary, each party will be informed.

The Clerk of the Court is **DIRECTED** to serve a copy of this order upon Plaintiff Charest, ADA Plaintiffs' Counsel, and the ADOC Defendants (Jefferson Dunn, Ruth Naglich, and the Alabama Department of Corrections) via the ADOC Defendants' Counsel (Mr. John G. Smith and Mr. Steven C. Corhern).

**DONE**, this the 25th day of July, 2019.

*John E. Ott*
_____
**JOHN E. OTT**
Chief United States Magistrate Judge